**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIM. NO. 87-CR-40070-JLF |
| vs. ) | |
| ) | |
| RANDY THOMAS LANIER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is defendant's motion for writ of error coram nobis (Doc. 884). Plaintiff has filed a response, (Doc. 890), and defendant has filed a reply (Doc. 890). This motion is discussed below.

**I.     Background.**

Defendant was convicted of being a principal administrator of a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (Count 1), of Conspiracy to Distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2), and of Conspiring to Defraud the United States in violation of 18 U.S.C. § 371 (Count 3) by impeding the United States in its assessment and collection of revenue. In a separate forfeiture count, the jury found that defendant should forfeit $60 million. On Count 1, he was sentenced to life imprisonment, on Count 2, he was sentenced to 40 years to run concurrently with his life sentence, and on Count 3, he was sentenced to 5 years to run consecutively to his 40-year sentence but concurrently with his life sentence.

Defendant appealed, and the judgment of this Court was affirmed on January 30, 1992. *United States v. Kramer, et al.*, 955 F.2d 479 (7th Cir. 1992). He then filed a petition for a *writ of certiorari* to the United States Supreme Court which was denied on November 30, 1992. *Kramer v. United States*, 113

S.Ct. 595 (1992). On February 20, 1996, defendant filed a § 2255 petition which this Court granted in part and denied in part. Specifically, this Court vacated defendant's conspiracy conviction, (based on *Rutledge v. United States*, 517 U.S. 292 (1996)), but let stand the continuing criminal enterprise (CCE) conviction and the accompanying life sentence. The United States Court of Appeals affirmed this decision. *Lanier v. United States*, 220 F.3d 833 (2000).

**II.     Discussion.**

Defendant now challenges his CCE sentence through the extraordinary "writ of error coram nobis." Specifically, defendant seeks to vacate his CCE conviction based on *United States v. Booker*, 543 U.S. 220 (2005).

The United States Court of Appeals for the Seventh Circuit has recognized that a defendant may challenge an already served or expired sentence by filing for a writ of error coram nobis under Title 28 U.S.C. § 1651. Such writs, however, are "limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction." *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir.2006) (*citing Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir.2000) (*emphasis in original*). Here, defendant is still in custody, thus, he may not avail himself of the writ.

Contrary to defendant's assertions that his motion is not a collateral attack on his CCE conviction and sentence, the Court finds that defendant's motion is indeed a motion under 28 U.S.C. § 2255. Defendant has already filed one § 2255 motion. As such, he may not file a second or successive § 2255 motion without first obtaining certification from the appropriate United States Court of Appeals. *28 U.S.C. § 2255 ¶ 8.* Furthermore, because this is not a direct appeal and defendant's case has become final, the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply. *See U.S. v. Helmos Food Product, Inc.*, 407 F.3d 848, 850 (7th Cir. 2005) (*citing McReynolds v. United States*, 397 F.3d 479, 481 n.1 (7th Cir.2005) ("We

conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."). Accordingly, defendant's motion is denied.

### III. Conclusion.

For all of the above reasons, defendant's motion (Doc. 884) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: November 15, 2006.**

                                         *s/ James L. Foreman*
                                         **DISTRICT JUDGE**