IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES of AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   CRIM. NO. 87-40070-JPG |
| vs. | ) |
| | ) |
| RANDY THOMAS LANIER, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is defendant's motion to vacate and reopen the denial of his § 2255 motion under Federal Rule of Civil Procedure 60(b) (Doc. 906). Plaintiff has filed a response, (Doc. 915), and defendant has filed a reply (Doc. 917).

**I.**     **Background.**

Defendant was convicted of being a principal administrator of a Continuing Criminal Enterprise, (CCE), in violation of 21 U.S.C. § 848, (Count 1), of Conspiracy to Distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (Count 2), and of Conspiring to Defraud the United States in violation of 18 U.S.C. § 371, (Count 3) by impeding the United States in its assessment and collection of revenue. In a separate forfeiture count, the jury found that defendant should forfeit $60,000,000. On Count 1, (CCE), he was sentenced to life imprisonment, on Count 2, (Conspiracy), he was sentenced to 40 years to run concurrently with his life sentence, and on Count 3, (Conspiracy), he was sentenced to 5 years to run consecutively to his 40-year sentence but concurrently with his life sentence.

Defendant appealed, and his convictions were affirmed on January 30, 1992. *United*

*States v. Kramer, et al.*, 955 F.2d 479 (7th Cir. 1992). He then filed a petition for a *writ of certiorari* to the United States Supreme Court which was denied on November 30, 1992. *Kramer v. United States*, 113 S.Ct. 595 (1992).

On February 20, 1996, defendant filed a 28 U.S.C. § 2255 motion. He later filed a supplement to his motion claiming that the district court erred by failing to instruct the jury that it must unanimously agree on which underlying crimes constituted the "continuing series" necessary for a CCE conviction.

Shortly thereafter, on March 27, 1996, the United States Supreme Court decided *Rutledge v. United States*, 517 U.S. 292 (1996). *Rutledge* held that a conspiracy is a lesser included offense of every CCE, and that a conviction on both charges for the same conduct cannot stand. As such, on March 5, 1998, the Court partially granted defendant's § 2255 motion by vacating the conspiracy conviction in light of *Rutledge*, but making it subject to reinstatement if the CCE conviction was ever overturned. Defendant's CCE conviction and life sentence remained, and defendant's § 2255 motion was denied on all other grounds. With regard to the unanimity argument, the § 2255 motion was denied because defendant had already raised the unanimity claim on direct appeal, and could not raise it again absent a showing of changed circumstances.

Defendant appealed the denial of his § 2255 motion. On June 1, 1999, the United States Supreme Court decided *Richardson v. United States*, 526 U.S. 813 (1999). *Richardson* held that a jury must agree unanimously on which specific predicate acts constitute the "continuing series" of violations for a CCE conviction. Thus, defendant

appealed the denial of his § 2255 and requested review of his claims based on the newly decided *Richardson*.

On February 9, 2000, the United States Court of Appeals for the Seventh Circuit affirmed the denial of the § 2255 motion. Specifically, the Seventh Circuit affirmed the district court's decision to vacate the conspiracy conviction based on *Rutledge* since it was a lesser included offense of the CCE. The Seventh Circuit also denied the *Richardson* claim. Specifically, the Seventh Circuit found that the district court's failure to give a unanimity instruction violated *Richardson*, but it was not a structural error, thus, it was subject to harmless error analysis.

On March 24, 2000, defendant filed a petition for rehearing. On June 12, 2000, the Seventh Circuit denied the petition for rehearing but amended its original opinion to include additional bases for finding that the district court's failure to give a unanimity instruction was harmless error. The Seventh Circuit found that, "In light of the overwhelming evidence against Lanier and the fact that he did not contest his involvement in the drug-dealing operation, combined with the jury's forfeiture judgments, the jury necessarily agreed upon the violations making up the continuing series." *United States v. Lanier*, 220 F.3d 833, 840 (7th Cir. 2000).

Six years later, on January 12, 2006, defendant filed a motion for writ of error coram nobis (Doc. 884). Again, defendant asserted his *Richardson* unanimity claim, but this time it was based on *United States v. Booker*, 534 U.S. 220 (2005). Specifically, defendant claimed that his CCE conviction must be vacated because *Booker* requires unanimity, beyond

a reasonable doubt, by jurors as to each of the violations making up the series that established the CCE. On Novembver 15, 2006, the writ of error coram nobis was denied because *Booker* does not apply to appeals that were final before January 12, 2005, (Booker's effective date). The motion for the writ was also denied because it was a successive § 2255 motion for which defendant had not first obtained a certificate of appealability. Finally, the motion for writ was denied because such a writ only applies to persons no longer in custody, and thus, is not available to defendant. (Doc. 892).[1]

Defendant now seeks to reopen his § 2255 motion. This motion is discussed below.

**II.    Discussion.**

Defendant seeks to vacate and reopen the ruling on his previous § 2255 motion under Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) allows a party to seek relief from a judgment for "any other reason justifying relief from the operation of the judgment." *Fed.R Civ.Proc. 60(b)*. Although Rule 60(b) allows a party to seek relief from a final judgment in a habeas corpus case, Rule 60(b) cannot be used to raise claims that should otherwise be raised as a second or successive habeas corpus petition subject to the provisions of the Antiterrorism and Effective Death Penalty Act. *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005).

In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the United States Supreme Court held that when a court determines that a 60(b) motion attacks, not the "substance of the federal

---

[1]The denial of defendant's motion for writ of error coram nobis is currently on appeal, Appeal No. 06-4220. On December 15, 2006, the Seventh Circuit issued an order requiring the parties to submit a brief memorandum stating why defendant's appeal should not be summarily affirmed as a successive petition. Defendant has asked the Seventh Circuit to stay briefing on the appeal pending this Court's ruling on his motion to reopen the § 2255.

court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," defendant need not seek prior authorization from the court of appeals under § 2244. *Gonzalez*, 125 S.Ct. at 2648. In contrast, defendant must seek prior authorization for a second or successive habeas corpus petition that raises either a new claim or attacks the federal court's previous resolution of a claim on the merits. *Id.*

Initially, the Court notes that *Gonzalez* is distinguishable from this matter, because here, defendant is seeking to vacate the judgment on a § 2255 motion, whereas Gonzalez moved to vacate a state court conviction under § 2254. *Gonzalez*, 125 S.Ct. at 2645, 2646 n. 3 (noting the similarity between §§ 2254 and 2255, but restricting its discussion to § 2254 cases). In any event, *Gonzalez* recognized, in the same way as did the Seventh Circuit in *Dunlap v., Litscher*, 301 F.3d 873, 876 (7th Cir. 2002), that certain issues in Rule 60(b) motions do not warrant being construed as successive petitions. *Gonzales*, 125 S.Ct. at 2648; *Dunlap,* 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner ... [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court....").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). *Gonzalez* determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez,* 125 S.Ct. at 2648. Specifically, *Gonzalez* noted that: "If neither the motion itself *nor the federal*

*judgment from which it seeks relief* substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.*  Finding that Gonzalez' argument in his Rule 60(b) motion, (i.e., challenging the district court's ruling on an AEDPA statute of limitations issue), was not a "claim," the Court considered the merits of his motion, and denied it because he failed to set forth an "extraordinary circumstance" justifying relief. *Gonzalez*, 125 S.Ct. at 2650.

Here, defendant argues that the United States Court of Appeals for the Seventh Circuit failed to conduct a proper analysis of whether the failure to give a unanimity instruction as required by *Richardson* was harmless error.  Although he purports to be attacking a procedural defect in the habeas action, what he is really challenging is the district court's failure to give the unanimity instruction under *Richardson*, as well as the denial of his § 2255 motion and the Seventh Circuit's affirmance of that denial.  It is clear that his § 2255, (the judgment he seeks to reopen), was dismissed on the merits.  Specifically, the Seventh Circuit conducted a review of *Richardson* claim, and found that based on the evidence, the failure to give a unanimity instruction was harmless error.  Defendant's claim is thus a claim for relief from the underlying criminal judgment.  In civil habeas proceedings, if a Rule 60(b) motion presents claims for relief from the underlying criminal judgment rather than challenging some procedural defect in the habeas action, it must be dismissed as a second or successive petition. *See Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir.2006).  Accordingly, defendant's motion is simply a second § 2255 motion, for which he has not been granted

leave to file, and that must be dismissed for lack of jurisdiction. *28 U.S.C. § 2255*; *Nunez v. United States*, 96 F.3d 990, 997 (7th. Cir.1996).

### III.  Summary.

For the foregoing reasons, the Court construes defendant's Rule 60(b) motion as a second collateral attack under 28 U.S.C. § 2255, and the motion, (Doc. 906), is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  March 19, 2007.**

                                              **s/ J. Phil Gilbert**
                                              **DISTRICT JUDGE**