IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **PLAINTIFF,** | : |
| | : |
| v. | : CASE NO. 87-40070-JPG |
| | : |
| **RANDY T. LANIER,** | : |
| | : |
| **DEFENDANT.** | : |

**MEMORANDUM AND ORDER APPROVING RENEWAL OF LIENS
WITH RESPECT TO RANDY T. LANIER**

**Gilbert, District Judge:**

The Court hereby considers the government's Motion to Renew Monetary Forfeiture Judgment With Respect to Randy T. Lanier (Doc. 962). The government asks the Court to renew the criminal forfeiture judgment against Lanier pursuant to 28 U.S.C. § 3201(c)(2), the statutory provision allowing approval of renewal of judgment liens in civil cases.

The Court is not completely convinced that 28 U.S.C. § 3201 applies to liens resulting from criminal forfeiture judgments. However, it is mindful that some civil forfeiture provisions do apply in the criminal forfeiture context. *See* 21 U.S.C. § 853(j) (applying civil forfeiture rules of 21 U.S.C. § 881(d) to the extent not inconsistent with 21 U.S.C. § 853). Should the limitation on the duration of liens resulting from criminal forfeitures under 28 U.S.C. § 2301(c) and the optional renewal process be two of those provisions, Court approval under 28 U.S.C. § 3201(c)(2)(B) of the renewal of the judgment lien would be appropriate. In an abundance of caution, the Court will give its approval.

The Court is careful to note that it is not renewing the judgment itself; the government has not cited any authority for such renewal of a criminal judgment. It simply expresses its

approval under 28 U.S.C. § 3201(c)(2)(B) of the renewal of liens should the government choose to file notices of renewal in the appropriate jurisdictions pursuant to 28 U.S.C. § 3201(c)(2)(A) before the expiration of the 20-year period referenced in 28 U.S.C. § 3201(c)(1), should that 20-year period even apply.

For the foregoing reasons, the Court **GRANTS** the government's motion (Doc. 962) and **APPROVES** the renewal of liens stemming from the criminal judgment of forfeiture in this case for an additional 20 years. The Court, in entering this order, is not making a finding, either expressly or by implication, that there is any time limit in which the United States must move to forfeit substitute property pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p).

**IT IS SO ORDERED.**
**Dated: November 6, 2008**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **United States District Judge**